UNITED STATES, Appellee

v

DONALD W. DOLLISON, Specialist Five,
U. S. Army, Appellant

15 USCMA 595, 36 CMR 93

No. 19,017

January 21, 1966

*Colonel Joseph L. Chalk, Lieutenant Colonel Jacob Hagopian,* and *Captain Frank J. Martin, Jr.,* were on the brief for Appellant, Accused.

*Lieutenant Colonel Francis M. Cooper* and *Captain Louren R. Wood* were on the brief for Appellee, United States.

### Opinion of the Court

PER CURIAM:

An inquiry as to accused's marital status resulted in a search of his personal belongings and subsequent charges against him for larceny of three items—a camera, a transistor radio, and three dollars in United States Currency. He pleaded guilty to theft of the currency but not guilty to the other specifications. The court-martial found him guilty on the contested issues of the lesser included offense of wrongful appropriation and sentenced him to total forfeitures, con-

finement at hard labor for fifteen months, and reduction to the grade of of Private (E-1). The convening authority reduced the confinement to twelve months and an Army board of review affirmed without opinion.[1]

Our review of the record, however, reveals that the search of accused's belongings was improperly authorized and his conviction with relation to the camera and radio cannot be sustained.

According to the evidence, the accused's commanding officer, upon receipt of a letter questioning the accused's marital status, directed the Criminal Investigations Detachment to conduct an inquiry into the matter. A telephone call was placed to accused's former station, Fort Carson, Colorado, but nothing was known there relative to the subject of the inquiry; however, it was learned that at about the time accused departed in an absent-without-leave status from Fort Carson, some six months previously, a tape recorder and a light meter (not the items charged against the accused) were discovered missing from the Public Information Office where the accused had worked.[2] The Criminal Investigations Detachment at Fort Carson desired that the accused be questioned concerning these missing items.

Concurrently with reporting this information to the commanding officer, the Criminal Investigations Detachment requested and received authorization to search the accused's person and personal belongings, including his automobile. It is uncontroverted that the accused was not questioned about the missing items prior to the search, in which the commanding officer assisted, and that no further inquiry was made or additional information known relative to the matter. Found in accused's locker were two pawn tickets relating to a camera and a radio and three envelopes which had previously contained one dollar each in United States Currency. Nothing was discovered which could tie the accused to the lost items from Fort Carson.

It is at once apparent that the search in question was authorized and undertaken on mere suspicion alone and the commanding officer in fact so testified.

"A search founded upon mere suspicion is illegal and the fruits thereof inadmissible." United States v Gebhart, 10 USCMA 606, 610, 28 CMR 172; United States v Brown, 10 USCMA 482, 28 CMR 48. See also United States v Battista, 14 USCMA 70, 33 CMR 282. As stated by the Supreme Court in Nathanson v United States, 290 US 41, 47, 78 L ed 159, 54 S Ct 11 (1933):

> "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough."

In the case at bar, authorization to search was granted (warrant issued) by the commanding officer but the only facts presented and circumstances known to him were that the items sought were found missing from an office wherein Dollison had worked some six months previously. The fact that he had departed therefrom in an absent-without-leave status might be some evidence of possible guilt. However, the fact remains that he had returned to control after an absence of only a month and, although not to the same station, his return had to be known to the authorities at Fort Carson in order for the proper papers to be obtained to sustain his subsequent conviction for the absence offense. No action as to the missing articles having been taken for five months, it is highly doubtful whether the accused was even considered as a prime suspect.

---

[1] The Secretary of the Army on November 2, 1965, remitted the unexecuted portion of the sentence to confinement.

[2] Accused went absent without leave on September 1, 1964, and voluntarily surrendered at Fort Polk, Louisiana, on October 4, 1964. He was tried and convicted by summary court-martial and sentenced to forfeit $100.00 per month for one month. He was transferred to Fort Riley, Kansas, on January 6, 1965. The search was conducted on February 19, 1965.

We fail to find in this record that probable cause necessary for the issuance of a warrant to search. As we said in United States v Ness, 13 USCMA 18, 22, 32 CMR 18:

"... a search based on a warrant is invalid if probable cause does not appear in the facts presented to the officer issuing the warrant. See Jones v United States, 362 US 257, 4 L ed 2d 697, 80 S Ct 725 (1960); Johnson v United States, 333 US 10, 92 L ed 436, 68 S Ct 367 (1948); United States v Brown, 10 USCMA 482, 28 CMR 48."

See also United States v Hartsook, 15 USCMA 291, 35 CMR 263.

At trial, defense counsel moved to suppress the evidence obtained in this search since it was not based on probable cause. For the reasons stated above, the law officer's action in overruling this motion was error prejudicial to the substantial rights of the accused.

As we have previously noted, the accused's conviction for wrongful appropriation of the camera and the radio must be set aside. However, his plea of guilty to the larceny of currency is not disturbed by this opinion.

Accordingly, the decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Army. The board may order a rehearing on the wrongful appropriation specifications and the sentence, or reassess the penalty on the basis of the finding of guilty of larceny.