UNITED STATES

v.

Sylvester WOODS, Jr., 289 48 8911, Private First Class (E–2), U. S. Marine Corps.

NCM 76 2588.

U. S. Navy Court of Military Review.

29 March 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

GLADIS, Judge:

Contrary to his pleas, appellant was convicted at a general court-martial bench trial of wrongful possession and introduction into a military base of .601 grams of heroin, in violation of Article 134, UCMJ, 10 U.S.C. § 934, and sentenced to a dishonorable discharge, confinement at hard labor for 15 months, total forfeitures, and reduction to pay grade E–1. He was acquitted of wrongful sale and use of heroin.

The sole issue is the admissibility of Prosecution Exhibit 1, consisting of five balloons and a plasticene bag containing heroin. Appellant now claims that his apprehension was not based on probable cause and that any evidence subsequently seized from him was inadmissible. An identified informant notified CID that he was driving appellant to Riverside where appellant would obtain heroin. The informant agreed to give CID a prearranged signal when they returned if appellant had the heroin. When the informer returned through the gate he gave the prearranged signal. When a CID agent approached and identified himself, appellant reached under the seat of the automobile, placed a small bundle in his mouth and eventually swallowed it. Appellant was subsequently apprehended and confined in a holding cell in the provost marshal's office. Nature took its course, albeit slowly, and the evidence was recovered 8 days later from feces which had been eliminated by appellant.

## PROBABLE CAUSE TO APPREHEND

■ Although appellant did not contest the lawfulness of his initial apprehension, specifically waived any irregularities in the initial confinement, and stipulated that a magistrate's hearing was held on 18 June, he objected to the admissibility of the evidence on other grounds, including the alleged illegal nature of his confinement in a detention cell outside a correctional center for a period in excess of 72 hours.[1]  *See Courtney v. Williams,* 24 U.S.C.M.A. 87, 51 C.M.R. 260, 1 M.J. 267 (1976);  Corrections Man., Art. 104.5.

Although the reliability of the information furnished by the informant was corroborated by the actions of appellant (including swallowing a small bundle which had been secreted beneath the auto seat) as observed by the CID agents who subsequently apprehended him, we need not determine whether there was probable cause to apprehend appellant. *See United States v. McFarland,* 19 U.S.C.M.A. 356, 41 C.M.R. 356 (1970);  *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Appellant did not litigate the issue of probable cause for apprehension at trial and, accordingly, is estopped from raising the issue on appeal unless estoppel would result in a miscarriage of justice. *See United States v. Martinez,* 16 U.S.C.M.A. 40, 36 C.M.R. 196 (1966);  *United States v. Hendrix,* 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972). Failure to object at trial precludes raising the issue on appeal because if objection is made at trial evidence might be presented by the prosecution to show probable cause. *Hendrix, id.; United States v. Webb,* 10 U.S.C.M.A. 422, 27 C.M.R. 496 (1959). All the circumstances should be developed at the trial level, where the essential witnesses are directly available. *Martinez, id.* The same rationale applies if the accused does not raise the issue at trial but objects there to the admissibility of the

evidence on other grounds. *United States v. Dupree,* 1 U.S.C.M.A. 665, 5 C.M.R. 93 (1952). Ordinarily, the accused's failure to raise the issue at trial results in an incomplete development of the circumstances. Appellate tribunals cannot ascertain from the record of such a trial whether the apprehension or seizure was legal or illegal. Since this deficiency is attributable to the accused, he is precluded from claiming prejudice upon appeal. *See United States v. Graves,* 23 U.S.C.M.A.. 434, 437, 50 C.M.R. 393, 396, 1 M.J. 50, 53–54 (1975). *See also* Judge Ferguson's dissenting opinion in *United States v. Webb, supra,* at 27 C.M.R. 500. It does not appear that the application of the waiver doctrine will result in a miscarriage of justice.  Therefore we turn a deaf ear towards the assigned error.

## LEGALITY OF PRETRIAL CONFINEMENT

■ We find no merit in appellant's contention at trial that the evidence was inadmissible because it was the product of confinement which violated applicable regulations. *See United States v. Dunks,* 24 U.S.C.M.A. 71, 51 C.M.R. 200, 1 M.J. 254 (1976);  *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). Appellant's confinement in a detention cell at a remotely situated activity awaiting investigation was specifically approved by the commanding general and therefore authorized by Corrections Manual Art. 104.5b.

## THE SEIZURE

■ Appellant also contended at trial that the evidence was inadmissible because he had not been warned of his rights under Article 31, UCMJ, he had not consented to the seizure and if indeed the seizure of the evidence from his excrement was the product of a command search authorized by the

---

1. Apparently, trial defense counsel believed that the evidence was neither the product of a search incident to apprehension nor a subsequent command authorized search.  However, he did argue that if the seizure were considered to be the result of a subsequent search authorized by the commanding general, such a search was not lawful because sufficient information had not been conveyed to the commanding general.

commanding general after his initial apprehension, the search was neither authorized in writing nor based on sufficient information. Trial counsel replied that examination of appellant's excrement was not a search because he had no property right in his excrement after its expulsion.

This case is clearly distinguishable from those cases which hold that compelling an accused to produce a urine specimen or blood sample compels him to incriminate himself in contravention of Article 31, UCMJ. *See United States v. Ruiz*, 23 U.S. C.M.A. 181, 48 C.M.R. 797 (1974). The evidence sought was not a product of appellant's body but the still separate object, contraband, which he had ingested. Appellant was not compelled to produce a specimen nor was he primed to expel one. *Cf. United States v. McClung*, 11 U.S.C.M.A. 754, 29 C.M.R. 570 (1960); *United States v. Cameron*, 538 F.2d 254 (9th Cir. 1976). A specimen was not extracted by bodily intrusion. *Cf. United States v. Jones*, 5 U.S.C.M. A.W. 537, 18 C.M.R. 161 (1955). The Government agents merely waited for nature to take its course and examined appellant's feces after expulsion. The basis for the holding in *Ruiz* and similar cases is that compelled production or extraction of a specimen of the accused's body is compulsory self-incrimination prohibited by Article 31. Although the Court of Military Appeals has declined to follow the holding of the U. S. Supreme Court in *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), there is no sound reason for extending the rule in *Ruiz* to cases which do not involve compelled production of bodily products but merely involve examination of expelled wastes which have not been obtained through compulsion. *Cf. United States v. Miller*, 15 U.S.C.M.A. 320, 35 C.M.R. 292 (1965). The latter cases do not involve compulsory self-incrimination.

Although there is evidence in the record indicating that examination of appellant's excrement was authorized by the commanding general upon a showing of probable cause, it is unnecessary to rest our decision on that basis. Examination of appellant's stool under the circumstances of this case was not a search within the meaning of the Fourth Amendment. *See Venner v. State*, 30 Md.App. 599, 354 A.2d 483 (1976), *aff'd*, 279 Md. 47, 367 A.2d 949 (1977).

In the familiar constitutional sense of the word "search" and the word "seizure," it is neither a search nor seizure when the police come into possession of contraband, instrumentalities of crime, fruits of crime, or mere evidence, without violating the security of the defendant's person or his house or other constitutionally protected area. . . .

Numerous cases have been concerned with the use of evidence once owned, possessed, or controlled by an accused, but which comes into the possession of the police after it has been abandoned or otherwise relinquished by him. An example is found in *Abel v. U. S.*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960).

. . .

We should not permit ourselves to fall into imprecise thinking because the evidence sought to be suppressed was in Venner's body when the police first learned of its probable existence. The contraband was not taken from his body, by the police or by anyone acting for the police. There was no intrusion into the body. . . . [*Venner v. State, supra*].

In *Venner* the intermediate appellate court inferred an intent to abandon excrement containing balloons of marijuana extract because the accused did nothing and said nothing to assert ownership, possession or control over the material. However, in affirming the judgment, the Maryland Court of Appeals based its decision on the broader ground that the accused could not have had an expectation that society would be prepared to recognize as reasonable a property right in human excrement for the simple reason that human experience is to abandon it immediately. *Venner v. State, supra*, at 367 A.2d 956. The rationale of the Maryland Court of Appeals in that case

is persuasive. *Cf. United States v. Cameron, supra* at 258.

We conclude that the appellant's excrement had been abandoned and that the examination thereof was not a search within the meaning of the Fourth Amendment. The evidence in question is admissible.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge CRANDELL concur.