UNITED STATES

v.

Michael Keith BOWMAN, 422 02 7189, Fireman Recruit (E–1), U. S. Naval Reserves.

NMCM 81 1246.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 9 June 1980.
Decided 16 March 1982.

LT Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LCDR W. A. Dorsey, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and BYRNE, JJ.

GLADIS, Senior Judge:

At a special court-martial, appellant pled guilty to two specifications of unauthorized absence, violations of Article 86, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 886; one specification of missing movement through neglect, a violation of Article 87, UCMJ, 10 U.S.C. § 887; and three specifications of breaking restriction, violations of Article 134, UCMJ, 10 U.S.C. § 934. His pleas were accepted and he was sentenced, by members, to confinement for six months; forfeitures of $299.00 per month for six months; and a bad-conduct discharge. In accordance with a pretrial agreement, the convening authority suspended for one year from date of trial all confinement in excess of forty days and otherwise approved the sentence. The supervisory authority approved the bad-conduct discharge and confinement at hard labor for three months, but suspended confinement in excess of 78 days.

Appellant raises two assignments of error for our consideration:

## I

THE COURT–MARTIAL ORDER ERRONEOUSLY STATES THAT SPECIFICATION 2 OF CHARGE II ALLEGED AN UNAUTHORIZED ABSENCE BEGINNING ON 23 SEPTEMBER 1979: THE ABSENCE WAS ACTUALLY ALLEGED TO HAVE BEGUN ON 23 NOVEMBER 1979. AS TO SPECIFICATION 3 OF CHARGE II, THE COURT–MARTIAL ORDER WRONGLY RECORDS IT ALLEGING AN UNAUTHORIZED ABSENCE FROM 23 NOVEMBER 1979 TO 28 JANUARY 1980; THE SPECIFICATION ACTUALLY ALLEGED AN ABSENCE FROM APPOINTED PLACE OF DUTY ON 28 JANUARY 1980.

## II

APPELLANT WAS DENIED A SPEEDY TRIAL.

■ As to Assignment of Error I, we agree with appellant and the Government that a corrected court-martial order should be issued to reflect the correct inception dates; it is so ordered.

As to Assignment of Error II, we find appellant's contention to be without merit but worthy of discussion.

In connection with the chronologically earlier offenses for which he was tried below,[1] appellant spent one night in a civilian jail; he spent 13 days in restriction in the C–2 wing of the restricted men's barracks in Norfolk, Virginia. He was then restricted for 26 more days on board his ship. On 10 March 1980, he committed the last of the offenses for which he was tried and on that day entered confinement for 85 days. Charges were preferred on 12 March 1980

---

1. The relevant chronology of events is as follows:

4 September—19 November 1979: appellant is an unauthorized absentee;
11 September 1979: appellant misses ship's movement;
19 November 1979: appellant terminates UA and spends night in civilian jail;
20 November 1979: appellant returned to military control; placed in restriction, NAS, Memphis;
23 November 1979—21 January 1980: appellant is an unauthorized absentee;
21 January 1980: appellant terminates UA status;
21–30 January 1980: appellant restricted to C–2 wing, NAVSTA, Norfolk (9 days);
28 January 1980: appellant breaks restriction;
4–8 February 1980: appellant restricted to C–2 wing, NAVSTA, Norfolk (4 days);
13 February—10 March 1980: appellant restricted to ship (26 days);
9 March 1980: appellant breaks restriction;
10 March 1980: appellant breaks restriction;
10 March—3 June 1980: appellant confined prior to trial (85 days);
5 May 1980: defense request for continuance;
9 May 1980: original docket date for trial;
23 May 1980: withdrawal and rereferral of charges;
3 June 1980: trial.

and referred for trial on 14 March 1980. The trial was originally docketed for 9 May 1980. As a result of a defense-requested continuance for pursuit of an administrative discharge, the trial was postponed and finally held between 3 and 9 June 1980. In the middle of the defense-requested delay, on 23 May 1980, the Government withdrew and rereferred charges to correct pleading errors and amend specifications to comport with regulations.

Appellant argues now that all of his pretrial restriction was tantamount to confinement; that the defense-requested delay of 25 days (from 9 May, the original trial date, to 3 June, the final trial date) was chargeable to the Government because it was in pursuit of an administrative discharge; that by defense reckoning, appellant was in pretrial confinement for 123 days; and that he was presumptively prejudiced by lack of speedy trial.

■ At trial, defense counsel's argument on the nature of appellant's restriction took the following form: "The restriction in the C–2 Wing Nimitz can be considered tantamount to confinement, due to the restricted conditions there, as well as the jail time spent elsewhere." (R. 20.) Subsequent to one day "jail time spent elsewhere" appellant again became an unauthorized absentee, for almost two months. For that reason, we do not accept appellant's argument at trial that the night spent in a civilian jail was chargeable to the Government. *United States v. Brooks*, 23 U.S.C.M.A. 1, 48 C.M.R. 257 (1974). Accepting appellant's argument as to the nature of the restriction in the C–2 wing, in the absence of prosecutorial evidence to the contrary, we have 13 days of restriction tantamount to confinement. We reject appellant's current argument that the 26 days of shipboard restriction were tantamount to confinement. He did not allege such at trial. *Cf. United States v. Woods*, 3 M.J. 645, 646 (N.C.M.R.1977). We are left with pretrial confinement, or the equivalent, of 98 days. We next turn to appellant's argument on the proper attribution of the delay pursuant to the defense request for a continuance.

■ We disagree with appellant's contention that a defense-requested continuance in pursuit of an administrative discharge is here chargeable to the Government. Appellant relies on two cases for his proposition: *United States v. O'Brien*, 22 U.S.C.M.A. 557, 48 C.M.R. 42 (1973) and *United States v. Fernandez*, 48 C.M.R. 460 (N.C.M. R.1974). We do not believe that *O'Brien* and *Fernandez* stand for the proposition, implicit in appellant's argument, that the time involved in pursuit of an administrative discharge may never be charged to the defense.

In *O'Brien*, subsequent to the pretrial investigation under Article 32, UCMJ, 10 U.S.C. § 832, the accused requested an administrative discharge in lieu of trial. The Government took the position that processing the accused's request led to defense-attributable delay. The Court disagreed. It found that "[i]n dealing with the discharge request, the Government continued to process the charges against the accused and the record is devoid of any evidence that the request impeded their disposition. In these circumstances, we are unpersuaded that this period of delay is justifiably chargeable to the accused." *Id.* 48 C.M.R. at 46. The Court's statement that the exploration of the possibility for an administrative discharge was "only another incident of the normal processes of military justice" is not to our minds equivalent to the proposition that that time requested and used by appellant for his own benefit constitutes Government delay.

In *Fernandez*, the accused requested an undesirable discharge in lieu of trial. In response, the Government completely halted the pretrial processing of the case and attributed the delay to the defense. The Court there found that the accused's discharge request did not justify the Government's stopping further work on the case. *Id.* at 48 C.M.R. 463.

In neither *O'Brien* nor *Fernandez* was there a defense-requested continuance, a device which would remove from the Government's hands the power to proceed

as expeditiously as possible with the case. The continuance-related delay in the instant case most certainly impeded the disposition of the charges against appellant; by itself, it justifiably brought the proceedings to a complete halt. We attribute at least 8 days of the delay so-caused to the defense.[2] *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376, 378 (1974).

█ Therefore, no presumption of prejudice has been triggered under the rule in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), because pretrial confinement and its equivalent attributable to the Government did not exceed 90 days. We find neither allegation nor evidence of prejudice. Nor do we find any evidence in the record of trial that the Government, under the circumstances of this case, acted with anything less than "reasonable diligence in bringing the charges to trial." *United States v. Tibbs*, 15 U.S.C.M.A. 350, 353, 35 C.M.R. 322, 325 (1965).

In light of the foregoing, the supervisory authority shall issue a supplementary court-martial order reflecting the correct inception dates of the unauthorized absences alleged in specifications 2 and 3 of Charge II. We shall modify the sentence to conform to the pretrial agreement. The findings of guilty and so much of the sentence as approved on review below as provides for a bad-conduct discharge and confinement at hard labor for 40 days are affirmed.

Judge BOHLEN and Judge BYRNE concur.

---

[2] This attribution seems to us reasonable especially in light of the facts that (1) the request for the continuance originally contemplated a delay of 45 days—from 9 May until 23 June 1980; and (2) it was at the request of the Government that the continuance was cut short when it became clear that further pursuit of an administrative remedy would prove fruitless. We find it inadvisable to attribute all of the delay in this case to the Government especially when it was that party which showed greater concern during the continuance to get the case to trial.