UNITED STATES, Appellee

v

ROY A. BRITT, Airman Third Class, U. S. Air Force, Appellant

17 USCMA 617, 38 CMR 415

No. 20,979

June 28, 1968

*Lieutenant Colonel Bertram Jacobson* argued the cause for Appellant, Accused. With him on the brief was *Colonel Dwight R. Rowland.*

*Major Robert L. Bates* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of two specifications alleging, respectively, possession and use of marihuana, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to be confined at hard labor for twelve months, forfeiture of $75.00 per month for a like period, and reduction. The convening authority reduced the amount of forfeitures to $64.00 per month for twelve months, but otherwise approved the sentence. The board of review set aside the findings of guilty of using marihuana, reduced the period of confinement and forfeitures to eight months, and otherwise affirmed. We granted accused's petition for review upon the contention:

"THE SEARCH INVOLVED IN SPECIFICATION 1 WAS IMPROPERLY AUTHORIZED WITHOUT PROBABLE CAUSE."

I

Regarding the search of which complaint is made, the record reflects that Special Agent Robert D. Miglia, assigned to an Office of Special Investigations Detachment at Laughlin Air Force Base, Texas, met with the appropriate commander, Colonel Edward M. Fritsch, on May 9, 1967, for the purpose of obtaining written permission to search the accused's locker and belongings. In support of that request, he presented Colonel Fritsch with three affidavits executed that morning by three separate airmen regarding accused's alleged possession and use of marihuana. In addition, he advised him that a confidential informant, whose information had proven reliable in the past, had stated "during the period summer 1966 through the latter part of 1966 that he had observed Airman Britt smoking marihuana in Ciudad Acuna, Mexico, on at least two occasions, in late 1966 he observed Airman Britt smoke marihuana in a room in Barracks 250 on Laughlin Air Force Base."

Finally, Agent Miglia told Colonel Fritsch during the course of his investigation into Britt's behavior, he had been informed by an Airman Dominique that, in December 1966, Britt had suggested he accompany him to Mexico in order to procure some marihuana. Dominique declined to do so. However, in January 1967, he did accompany accused to Ciudad Acuna, where he observed him with a Mexican national, smoking what both stated were marihuana cigarettes. They urged him to try the drug, but he refused to do so and returned to the base.

The three affidavits were executed by different airmen. In the first, Airman Palmer deposed that, during the late fall of 1966, he heard Britt and one Chambers conversing in the barracks relative to smoking marihuana in Chambers' room. On several subsequent occasions, he heard the accused detail his experiences regarding the use of marihuana. In late October 1966, he observed him smoking what he believed to be marihuana. The last time he heard accused talk about smoking marihuana or purchasing it was around March 1967.

Airman Farris' affidavit corroborated Palmer's averments regarding accused smoking marihuana, but placed the date in November 1966.

Airman Williams similarly averred that he had observed Britt smoking marihuana about three or four months previously.

Based on the foregoing, Colonel Fritsch authorized a search of the accused's belongings. Such turned up the traces of marihuana which form the basis of the charge of possession remaining against the accused.

Over defense objection, the law officer ruled that Fritsch properly issued the warrant on the basis of demonstrated probable cause and admitted the fruits of the search in evidence.

II

The principal contention by defense counsel as to the lack of probable cause is premised on the staleness of the information furnished Colonel Fritsch

618

regarding the accused's alleged possession and use of marihuana. Thus, they argue that the declarations by the various deponents as to Britt using marihuana in late 1966 or early 1967 are far too remote in time to be relied upon by the commander as furnishing probable cause to believe the airman was in possession of marihuana on May 9, 1967.

On the other hand, the Government contends that time alone cannot control the issue and the totality of facts and circumstances made known to Colonel Fritsch were such as to establish probable cause for the search. Thus, it urges accused was shown to be continuously engaged in possessing and using marihuana both in Mexico and at Laughlin Air Force Base during the fall of 1966 and in January 1967, and continued to speak of the drug as late as March 1967. From this, the United States would infer continued use of the weed and its consequent possession on May 9, 1967.

We cannot agee with the Government's position, and it calls our attention to no case which has ▎ sustained a finding of probable cause, based on information as to possession of contraband some three to four months previously. While we agree that time alone provides no magic formula for determining the presence or absence of a sufficient basis to authorize a search, "it is manifest that the proof must be of facts so closely related to the time of the issue of the warant as to justify a finding of probable cause at that time." Sgro v United States, 287 US 206, 210, 77 L ed 260, 53 S Ct 138, 140 (1932).

Thus, in United States v Brown, 10 USCMA 482, 28 CMR 48, we held probable cause lacking when such was said to be based upon a four-month-old suspicion regarding an individual's use of narcotics. Indeed, an Air Force board of review, relying on our holding in that case, concluded information that accused sold marihuana some ten months earlier was insufficient to establish probable cause to search his premises. United States v Maginley,

32 CMR 842. See also United States v Carver, 37 CMR 610.

Other authorities are equally persuasive that the lapse of time in the instant case rendered the information furnished Colonel Fritsch too stale to justify the inference that accused was then and there in the possession of the forbidden substance.

In Sgro v United States, supra, a statute required the return upon a search warrant to be made within ten days after its issuance. When the warrant was not executed within that period, but again presented to the commissioner, he redated and reissued it on the basis of the original affidavits. It was struck down on the basis that the lapse of a mere twenty-one days was sufficient to override the existence of probable cause thus sought to be established. Mr. Chief Justice Hughes declared, at page 212:

"Applying these principles to the instant case, the warrant cannot be sustained. The proceeding for the warrant issued on July sixth had terminated and that warrant was dead. *On the new application of July twenty-seventh the commissioner took no proof to show that probable cause then existed and he made no finding of probable cause at that time.*" [Emphasis supplied.]

See also 4 Wharton, Criminal Law and Procedure, § 1546 (1957); 47 Am Jur, Searches and Seizures, § 23; and 79 CJS, Searches and Seizures, § 73; Annotation, 100 ALR 2d 525.

In People v Siemieniec, 368 Mich 405, 118 NW 2d 430 (1962), the lapse of four days between the observation of an illegal liquor sale and the failure of the affidavit to aver a continuance of such activities was held to afford "no ground for a finding of reasonable cause to believe that on September 17, four days later, she [the seller] was continuing to do so, thereby justifying issuance of the search warrant." As the Michigan Court stated, "the warrant may issue only upon a showing that reasonable cause exists to believe illegal activity is occurring at the time the warrant is sought." *Id.*, at pages

431, 432. And a survey of the cases found indicates that a period greater than forty-nine days has always been held too great a lapse of time. See Annotation, supra, at page 534. See also Rupinski v United States, 4 F2d 17 (CA 6th Cir) (1925); Dandrea v United States, 7 F 2d 861 (CA 8th Cir) (1925); and United States v Dziadus, 289 Fed 837 (ND WVa) (1923).

Turning to the case before us, it is apparent that more than a reasonable period of time had elapsed between the observations recorded by the deponents and others, whose information was reported to Colonel Fritsch in his magisterial capacity. As we have noted, our attention has not been called to a single authority supporting the board's conclusion it was permissible to infer possession of marihuana by the accused on May 9, 1967, from the fact that he had been observed smoking it some four to five months previously. The question is, as we have stated, whether there was probable cause to believe accused possessed the drug on May 9— not that he had possessed it at some prior time. Sgro v United States, supra. Under the circumstances presented here, we necessarily conclude there was no demonstration to Colonel Fritsch of probable cause to search Britt's belongings and the warrant should not have been issued.

The decision of the board of review is reversed and the record of trial returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.