UNITED STATES, Appellee

v

ROBERT L. McFARLAND, II, Sergeant, U. S. Air Force, Appellant

19 USCMA 356, 41 CMR 356

No. 22,373

April 3, 1970

*Major Clarence E. Powell* argued the cause for Appellant, Accused. With him on the brief were *Colonel Bertram Jacobson* and *Lieutenant Colonel Samuel C. Wexler.*

*Lieutenant Colonel Robert W. Vayda* argued the cause for Appellee, United States. With him on the brief was *Colonel James M. Bumgarner.*

### Opinion of the Court

QUINN, Chief Judge:

At the base passenger terminal of McChord Air Force Base, agents of the Office of Special Investigations searched the accused. The agents discovered a substantial quantity of marihuana in a coffee can in a canvas bag in the accused's possession. Thereafter, the accused was charged and convicted by a general court-martial of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He contends on this appeal, as he had at trial, that the

**357** ·

search was illegal because based upon the uncorroborated report of an informer and insufficient facts to constitute probable cause.

The search was authorized by the base commander upon information provided orally by Agent Timothy L. Mitchell. Mitchell had read a sworn statement by Airman Robert C. Merriman and had received reports from other agents working on the case. Although he testified that he explained "the background" of the investigation to the base commander, it cannot be safely concluded from the record that he conveyed all the pertinent information he had to the base commander.[1] Since the search was specifically based on the "authority [to search] which was granted" by the base commander, not the totality of the information known to the agents who made the search, we shall consider only those facts which the record unmistakably indicates were told to the base commander. See United States v Ness, 13 USCMA 18, 22, 32 CMR 18 (1962); United States v Hartsook, 15 USCMA 291, 35 CMR 263 (1965). They are as follows:

(1) On December 13, Merriman, an airman stationed at McChord Air Force Base, reported to the base dispensary for help in breaking his drug and marihuana habit. He told the attending physician he "wanted to talk to OSI about this." The Office of Special Investigations was notified, and an agent went to the dispensary to escort Merriman to the Office of Special Investigations. After complete advice as to his "rights," Merriman "voluntarily provided" a written statement.

(2) According to Merriman's statement he, the accused, and a Sergeant Alan Goldstein had used marihuana on December 11. On the same day, the three were in the City of Seattle. They were together when Goldstein "was negotiating to pur-chase" a large quantity of LSD and marihuana. At that time, Goldstein said that he was going to Hawaii on "leave in the near future," and he was going to take the LSD and marihuana with him.

(3) On December 13, the accused informed Merriman that he was going to go to Hawaii with Goldstein, and he was going to purchase some marihuana from Goldstein for his "personal use."

(4) Captain Ford, the Passenger Services Officer at the base, was alerted to the expected departure of Goldstein and the accused. On December 16, he telephoned the Office of Special Investigations and informed the agent on duty that Goldstein had visited the passenger terminal to arrange for passage to Hawaii on a 7:00 a. m. flight the next morning.

(5) Mitchell telephoned the base commander during the evening of December 16. He related the above matters and told the commander he believed Airman Merriman was reliable because he had voluntarily admitted his use of marihuana. He thought the accused might "show up the next day" with Goldstein.

Acting on Mitchell's report, the base commander granted authorization to search and "pick up" Goldstein when he appeared at the base terminal the next morning. He also approved a suggestion by Mitchell that Mitchell telephone him for authorization to search the accused, if the accused appeared at the terminal with Goldstein.

Mitchell and other agents went to the base passenger terminal early the next morning. There, they found Goldstein and the accused, who was identified by a name tag on his uniform. The accused signed his name on a list for persons desiring transportation to Hawaii on a "space available" basis. Thereupon, Mitchell telephoned the base com-

---

[1] As we have in a number of cases, we cannot too strongly emphasize the "value both at trial and on appellate review" of a written application for au-thorization to search. United States v Hartsook, 15 USCMA 291, 298, 35 CMR 263 (1965).

mander and informed him of the accused's presence at the terminal and his request for transportation. The commander issued authorization to search the accused for marihuana and dangerous drugs. Goldstein and the accused were then approached by the agents, who, after identifying themselves as agents, escorted them to a room at the terminal where the search was made.

Authority to search may be granted by a competent official on presentation of facts that would lead a prudent person to conclude that contraband or evidence of a crime is in possession of the individual, or is on the premises, to be searched. The facts in support of the application to search need not be predicated upon the personal knowledge of the applicant, but when the application relies upon hearsay it must present a "substantial basis" for crediting the hearsay. See United States v Davenport, 14 USCMA 152, 157, 33 CMR 364 (1963). In the usual case, the supportive facts tend either to establish the reliability of the informant or to corroborate the hearsay information.

Mitchell's testimony indicates he gave strong credence to Airman Merriman's report because Merriman had voluntarily implicated himself in a serious offense at a time when he was not known to have engaged in any sort of misconduct. The inference of truthfulness certainly has appeal, but we need not decide whether it would alone be sufficient to impart reliability to Merriman's report. The fact is that the report was not the immediate occasion for the base commander's authorization. He did not act until he was informed that the accused had appeared at the passenger terminal with Goldstein, and had indicated that he, like Goldstein, wanted to go to Hawaii. Thus, critical parts of Merriman's report were verified before the base commander authorized the search. Hearsay in an application for authority to search can be established as reliable by actions of the individual to be searched which conform to those predicted by the informant. United States v Draper, 358 US 307, 3 L Ed 2d 327, 79 S Ct 329 (1959); United States v Ness, supra, at page 23; United States v Soyka, 394 F2d 443 (CA 2d Cir) (1968). We conclude, therefore, that the base commander had reasonable ground to rely upon the hearsay information reported by Mitchell.

A reliable report does not necessarily establish probable cause for a search. We turn, therefore, to consider the nature of the information submitted to the base commander. In summary, the commander was advised that a named military individual had had possession of, and had used, marihuana six days previous to the application to search; that at the same time, he had witnessed negotiations for a large-scale purchase of marihuana by a Sergeant Goldstein, who declared that he was going to take the marihuana with him to Hawaii in the "near future"; that two days after these events, the individual declared that he intended to purchase marihuana from Goldstein and accompany him to Hawaii; that a few days thereafter Goldstein applied at the base passenger terminal for space on a flight to Hawaii; and the next morning the individual to be searched appeared with Goldstein at the terminal and also requested space on a flight to Hawaii. These events are so connected in time and place as to justify a conclusion that they constituted a connected transaction. Cf. United States v Britt, 17 USCMA 617, 38 CMR 415 (1968). In our opinion, they provide probable cause to believe that the accused had marihuana in his possession at the terminal and, therefore, furnished the base commander with good cause to issue the authorization to search. United States v Aloyian, 16 USCMA 333, 36 CMR 489 (1966).

The decision of the board of review is affirmed.

Judges FERGUSON and DARDEN concur.