**UNITED STATES**

v.

**Sergeant James D. BRIGHT, Jr., FR 169–42–2092 9th Field Maintenance Squadron Fifteenth Air Force (SAC).**

**ACM 22059.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 14 Jan. 1976.

Decided 14 Sept. 1976.

**664**

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Lieutenant Colonel Guido J. Ca-

sari and Captain Andrew F. Reish filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before LeTARTE, C. J., EARLY, Senior Judge, and FORAY, J.

## DECISION

FORAY, Judge:

Upon trial by general court-martial consisting of a military judge sitting alone, the accused was convicted, contrary to his pleas, of five offenses alleging the use and sale of heroin and one offense alleging the unlawful carrying of a concealed weapon, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. Consonant with his pleas, he was found not guilty of two other offenses alleging possession of heroin and possession of marihuana. The approved sentence extends to bad conduct discharge, confinement at hard labor for twelve months, forfeiture of $225.00 per month for twelve months, and reduction to the grade of airman basic. The United States Disciplinary Barracks, Fort Leavenworth, Kansas, was designated as the place of confinement.

Appellate defense counsel invite our attention to seven errors submitted by trial defense counsel and have assigned one additional error for our review. In view of our disposition of this case, we deem it necessary to discuss but two of the assigned errors at this time.

The first of these errors claims

THE MILITARY JUDGE ERRED IN OVERRULING DEFENSE OBJECTION TO THE ADMISSION INTO EVIDENCE OF PROSECUTION EXHIBIT NO. 1, A PISTOL.

This assigned error relates to the charge and specification which alleged the accused unlawfully carried a concealed weapon. Simply stated, the substance of the error is that the commander-authorized search of the accused's automobile for the pistol was not based on probable cause. Factually, on

10 September 1975, John R. Cameron, Office of Special Investigations (OSI) Detachment Commander, Beale Air Force Base, California, sought permission from the commander of that installation to conduct a search of the accused's vehicle and seize a pistol thought to be concealed therein. In order to convince the installation commander that the requested search and seizure was reasonably necessary, Cameron provided him with the facts upon which the request was predicated. In sum, Cameron advised the commander that approximately two or three weeks earlier, a reliable and credible informant had told an agent of the base OSI Detachment that he (the informant) had seen a pistol in the accused's automobile. It was further stated that the pistol was normally kept in the automobile but no information was provided as to when and how many times it had been previously seen. Upon these facts, authority to search for and seize the pistol from the accused's automobile was orally granted by the commander. The search was subsequently conducted that day and the pistol was seized. At trial, the pistol was received in evidence over the accused's objection.

■ A commander-authorized search of a person or property under his control must be founded upon probable cause for the search to be valid. This validity would obtain where the authorizing commander has knowledge of facts and circumstances that would cause a prudent person to conclude that a crime has been committed or is being committed and that evidence of that crime is located at the place to be searched or on the person to be searched. *United States v. Guerette,* 23 U.S.C.M.A. 281, 49 C.M.R. 530 (1975); *United States v. Hennig,* 22 U.S.C.M.A. 377, 47 C.M.R. 229 (1973); *United States v. Elwood,* 19 U.S.C.M.A. 376, 41 C.M.R. 376 (1970); *United States v. Martinez,* 16 U.S.C.M.A, 40, 36 C.M.R. 196 (1966); *United States v. McCain,* 49 C.M.R. 514 (A.F.C.M.R. 1974); Manual for Courts-Martial, 1969 (Rev.), paragraph 152.

Essential to a determination as to whether probable cause to search exists is the relationship between the time when the authority to search is given and the time when the facts and circumstances relied upon to justify the search occurred. Facts and circumstances which would suffice to constitute probable cause on the date of happening obviously would lessen with the passing of time. What is sufficient to establish probable cause on one day may not be sufficient to do so on a later date. Time, however, does not provide the sole basis to resolve the issue as to whether there is in existence the probable cause necessary to authorize a lawful search. Nonetheless, the occurrence of the facts and circumstances relied upon to support a search authorization must be closely related in time to the granting of the search authorization in order to find probable cause. *United States v. McFarland,* 19 U.S.C.M.A. 356, 41 C.M.R. 356 (1970); *United States v. Clifford,* 19 U.S.C.M.A. 391, 41 C.M.R. 391 (1970); *United States v. Britt,* 17 U.S.C.M.A. 617, 38 C.M.R. 415 (1968). In the case before us, it is the relationship between the time that the agents of the OSI became aware from the informant that the accused possessed a concealed pistol in his automobile and the time the authority to search the automobile was issued which causes us concern.

■ Our concern is engendered by certain inferences we draw from the facts and circumstances which were before the commander who authorized the search. These are that the pistol was relatively light in weight, readily portable, concealable, and located in a highly mobile conveyance—an automobile. Additionally, and most importantly, there was nothing to indicate that the pistol would be located in the accused's automobile on the 10th of September 1975, simply because it had been seen there some two or three weeks earlier. There was nothing to serve as a basis for a conclusion that the accused continued to possess the weapon in his automobile from the date it was last seen up to and including 10 September. The information received and acted upon was, at the time, stale. Under the circumstances of this case, we find the authority to search was not based upon probable cause; hence, the introduction of Prose-

666

cution Exhibit 1, the pistol, into evidence was error.

The remaining evidence introduced at trial regarding Charge II and its specification independent of the evidence we hold erroneously admitted, we find insufficient to sustain the accused's guilt of that offense. *United States v. Ward*, 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975); *United States v. Walters*, 22 U.S.C.M.A. 516, 48 C.M.R. 1 (1973); *United States v. Bonavita*, 21 U.S.C.M.A. 407, 45 C.M.R. 181 (1972); *United States v. Simpson*, 15 U.S.C.M.A. 18, 34 C.M.R. 464 (1964). Prejudice being apparent, we set aside the findings of guilty of Charge II and its specification and order them dismissed. Articles 59(a) and 66(d), Code, supra.

The second of the assigned errors we deem reviewable claims:

THE CONVENING AUTHORITY WAS MISLED BY MANY ERRORS ON THE PREPRINTED COVER PAGE OF THE STAFF JUDGE ADVOCATE'S POST-TRIAL REVIEW (AF Form 242).

This claim of error may be better understood after a brief recitation of the factual background relevant to it.

The accused had been arraigned and tried for seven drug-related offenses alleging he had possessed heroin on 2 September; sold heroin on 2, 3, and 4 September; used heroin on 2 and 3 September; and possessed marihuana on 10 September 1975. He was acquitted of the two offenses alleging the possession of heroin and marihuana on 2 and 10 September, respectively, and found guilty of all the others. The general court-martial order which promulgated the results of the trial correctly reflected the findings of the court-martial. The results of trial were likewise correctly stated in the text of the review of the staff judge advocate wherein the reviewer specifically announced the acquittals and then proceeded to discuss only the elements and proof of those remaining offenses of which the accused was found guilty. However, the cover page of the review of the staff judge advocate (AF Form 242), where a synopsis of charges and specifications and the pleas and findings appear, contains the misleading information which the appellant claims as error requiring our remedial action. This information, relevant to the issue before us, was reported as follows:

| 38 SYNOPSIS OF CHARGES AND SPECIFICATIONS | 39 PLEAS | 40 FINDINGS |
|---|---|---|
| CH I: Vio of UCMJ, Art 92 | NG | G |
| * * * * * * * | | |
| Sp 4: 2 Sep 75, use MJ, AFR 30–2. | NG | G |
| Sp 5: 4 Sep 75, poss heroin, AFR 30–2. | NG | G |
| Sp 6: 4 Sep 75, sell heroin, AFR 30–2. | NG | G |
| Sp 7: 4 Sep 75, sell heroin, AFR 30–2. | NG | Motion for finding NG granted. |

This information should be reported as follows:

| 38 SYNOPSIS OF CHARGES AND SPECIFICATIONS | 39 PLEAS | 40 FINDINGS |
|---|---|---|
| CH I: Vio of UCMJ, Art 92 | NG | G |
| * * * * * * * | | |
| Sp 4: 4 Sep 75, sell heroin, AFR 30–2. | NG | G |
| Sp 5: 3 Sep 75, sell heroin, AFR 30–2. | NG | G |
| Sp 6: 3 Sep 75, use heroin, AFR 30–2. | NG | G |
| Sp. 7: 10 Sep 75, poss marihuana, AFR 30–2. | NG | Motion for finding NG granted. |

That the reported synopsis of the charges and specifications and the pleas and findings as they relate to Specifications 4, 5, 6, and 7 of Charge I, is incorrect is unequivocal. This information when considered with the correct information contained in the text of the staff judge advocate's review shows the accused was charged with four and found guilty of three additional drug offenses. These additional offenses, of course, were not involved in the case at all.

A staff judge advocate's review of a trial by court-martial containing matters which are erroneous, inadequate, or misleading is not an acceptable review. Such matters may well prejudice the substantial rights of an accused when a convening authority must decide the action to be taken in a particular case. *United States v. Rivera*, 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970); *United States v. Cruse*, 21 U.S.C.M.A. 286, 45

C.M.R. 60 (1972); *United States v. Samuels,* 22 U.S.C.M.A. 238, 46 C.M.R. 238 (1973); *United States v. McIlveen,* 23 U.S.C.M.A. 357, 49 C.M.R. 761 (1975); *United States v. Sovina,* 23 U.S.C.M.A. 414, 50 C.M.R. 296, 1 M.J. 107 (1975); *United States v. Garcia,* 23 U.S.C.M.A. 479, 50 C.M.R. 498, 1 M.J. 77 (1975); *United States v. Cumberledge,* 51 C.M.R. 696, 1 M.J. 768 (A.F.C.M.R. 1975).

We find the issue we face here substantially similar to the issue before the Court of Military Appeals in *Garcia,* supra. There, the convening authority who took the initial action was advised on the cover page of the staff judge advocate's review (AF Form 242) that the accused had pleaded guilty to an absence without leave, one of two offenses charged. This was erroneous advice as the accused had pleaded not guilty to that offense. Upon review this Court found the advice as to the plea appearing on the cover page of the review erroneous but not misleading as "in the written portion of the review it is manifest that the accused had contested the absence charge." *United States v. Garcia,* 50 C.M.R. 263 (A.F.C.M.R. 1975). The Court of Military Appeals, however, held the erroneous advice given the convening authority as to the accused's plea constituted prejudicial error and reversed the decision of this Court. Because of the Court of Military Appeals holding in *Garcia,* we are compelled to find the erroneous and misleading advice given to the convening authority in the case before us to be prejudicial error.

Before we decide what action, if any, is necessary to remedy the error found, we must examine the post-trial procedures followed in light of the holding in *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). Our concern in this regard is whether there was a waiver of the erroneous and misleading matter as waiver is contemplated by *Goode.* In that case it was held, in pertinent part, that the failure of counsel for an accused to take advantage of the opportunity to correct or challenge any matter deemed erroneous, inadequate, or misleading contained in the post-trial review within five days of the service of the review upon counsel will *normally* be considered a waiver of *any* error in the review.

▆ The post-trial review prepared in this case was served on the counsel for the accused on 6 April 1976, in compliance with the mandate of *Goode.* On 9 April, within three days from the date of service, the accused's counsel was contacted to determine if challenges or corrections to matters in the review were to be submitted. Counsel responded affirmatively and advised that his comments were prepared and would be dispatched by mail that same day. As the convening authority who was to take action in the case was to be absent and not available to do so on the anticipated date of receipt of counsel's comments, he was requested to deliver them telephonically or by electrical message on 9 April. If the comments of counsel were received in the due course of the mails it would have been during the convening authority's absence and would have created a *Dunlap*\* presumption. Counsel rejected the requested alternate means of submitting his comments, insisting they would be transmitted through the mails that same day. On 9 April 1976, in order to preclude the *Dunlap* presumption from arising, the convening authority took action with respect to the findings and the sentence in the case without the benefit of the accused's counsel's challenge or corrections to the post-trial review of the staff judge advocate. Subsequent to the convening authority's action, counsel's *Goode* response to the post-trial review was received by the staff judge advocate which was then made part of the record of proceedings in the case and for-

---

\* In *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), the Court of Military Appeals established the following guideline:

> To paraphrase *Burton,* 30 days after the date of this opinion, a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial.

warded for review by this Court. Our review of the challenges and corrections which were made to the post-trial review shows them to be devoid of any challenge or correction concerning the misleading advice to the convening authority appearing on the cover page of the review which we now consider. It is abundantly clear that had the convening authority withheld taking his action in the case until he had received and considered the counsel's challenges and corrections, they would have been of no moment to him regarding the misleading advice on the cover page of the post-trial review. That, however, is not the situation with which we are confronted. Here, a unilateral determination was made on behalf of the Government which reduced the time within which counsel for the accused had to take advantage of the opportunity to submit challenges or corrections to the post-trial review to a period less than that provided him by *Goode.* By taking action on the findings and sentence at the time and under the circumstances in this case, we find that the convening authority effectively precluded any application of the *Goode* waiver provision concerning the error on the cover page of the post-trial review of the staff judge advocate. To conclude otherwise would be to ignore the clear language of *Goode* stating that the failure on the part of counsel for the accused to take advantage of the opportunity provided him regarding the post-trial review of the staff judge advocate *within five days* of service of the review on him will normally be deemed a waiver of any error in the review.

Having found the action taken by the convening authority was at a time which foreclosed application of the *Goode* waiver provision, we must now examine the impact of the erroneous advice to the convening authority. We find the misleading advice to the convening authority appearing on the cover page of the post-trial review to be of the same magnitude of that misleading advice to the convening authority which was found in *Garcia,* supra, to be prejudicial error. Accordingly, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to the convening authority for a new review and action. The new review and action should provide for a meaningful reassessment of any sentence to be approved as a result of our decision regarding Charge II and its specification.

Because of our disposition of this case, we need not now decide the merits of the remaining errors which were assigned.

LeTARTE, Chief Judge, concurs.

EARLY, Senior Judge, absent.