UNITED STATES, Appellee

v

JOHN H. BUNCH, Corporal, U. S. Marine Corps, Appellant

19 USCMA 309, 41 CMR 309

No. 22,281

March 13, 1970

*Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Captain Frank A. Nelson,* JAGC, USN.

*Lieutenant Colonel Charles J. Keever,* USMC, argued the cause for Appellee, United States. With him on the brief was *Captain Charles E. Patterson,* USMCR.

## Opinion of the Court

QUINN, Chief Judge:

This is an appeal from a conviction for wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The accused contends he was prejudiced by the alleged improper admission into evidence of testimony of the results of a search.

The initial question for consideration is whether the search, which purported to be incidental to the arrest of the accused, extended beyond the immediate area of the accused's person in contravention of the limits defined by the Supreme Court of the United States in Chimel v California, 395 US 752, 23 L Ed 2d 685, 89 S Ct 2034 (1969). The accused was tried on May 8, 1968. The trial ruling as to the admissibility of the evidence long preceded *Chimel,* which was decided by the Supreme Court on June 23, 1969. In this situation, three Federal Courts of Appeals have held that *Chimel* does not operate retroactively to invalidate the trial ruling. Lyon v United States, 416 F2d 91 (CA 5th Cir) (1969); United States v Bennett, 415 F2d 1113 (CA 2d Cir) (1969); Williams v United States, 418 F2d 159 (CA 9th Cir) (1969). The Supreme Court of California has reached the same conclusion, People v Edwards, 80 West's Cal Rptr 633, 458 P2d 713 (1969), but the Supreme Court of Alaska has applied *Chimel* to cases in which an appeal from conviction was still pending undetermined. Fresneda v State, 458 P2d 134 (Alaska) (1969). Cf. Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970).

In our opinion, the conclusion reached by the Federal Courts of Appeals is supported by the ■ Supreme Court's refusal to apply the constitutional limitations on the admission of pretrial confessions expounded in Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966), to trials completed before the date of the *Miranda* decision

(Johnson v New Jersey, 384 US 719, 16 L Ed 2d 882, 86 S Ct 1772 (1966)), and by the Court's refusal to apply the constitutional limitation on the admissibility of evidence obtained by seizure of speech by means of electronic devices expounded in Katz v United States, 389 US 347, 19 L Ed 2d 576, 88 S Ct 507 (1967), to trials completed before the date of the decision in *Katz.* Desist v United States, 394 US 244, 22 L Ed 2d 248, 89 S Ct 1030 (1969). Perhaps the most succinct statement of the justification for nonapplicability of a new decision to antecedent trials in instances of this kind was made by Mr. Justice Clark in Linkletter v Walker, 381 US 618, 636–637, 14 L Ed 2d 601, 85 S Ct 1731 (1965). He said:

". . . [A]ll of the cases . . . requiring the exclusion of illegal evidence have been based on the necessity for an effective deterrent to illegal police action. . . . We cannot say that this purpose would be advanced by making the rule retroactive. The misconduct of the police . . . has already occurred and will not be corrected by releasing the prisoners involved."

We conclude that *Chimel* does not apply to this case. Testing what was done here by the standards authorized by earlier decisions, the area of search was within permissible limits. United States v Ross, 13 USCMA 432, 32 CMR 432 (1963).

Before the board of review, the accused contended that his arrest by an agent of the Office of Naval Intelligence was illegal because not based upon probable cause. Judge Morgan, writing for a unanimous board of review, resolved the issue against the accused. There is little that we can add to his opinion. Suffice it for purposes of this appeal to note that, although the arrest was ■ without the authorization of an officer competent to grant such

310

authority, it was predicated upon reliable information supplied by a member of the Marine Corps known to the agent. Among other things, the informant advised the agent that he was present when the accused and another Marine, named Zelle, "contracted to purchase" half a kilo of marihuana and that he later saw the accused in the back of Zelle's car with this quantity of marihuana in his possession. He heard Zelle and the accused discuss a hiding place for the marihuana and their agreement to hide it in the accused's residence. The record demonstrates that before the agent effected the arrest he corroborated the informer's report in at least three important particulars as follows:

(1) Sandlin said Calvin and Love, two others implicated in the illegal purchase, were on the rifle range. The agent verified that these persons were in fact "firing at the rifle range."

(2) Sandlin described two cars. One belonging to Zelle, the other to Love. The agent found both these cars as they were described to him.

(3) Sandlin told the agent that the accused and Zelle had left the 2d Battalion, 6th Marines, area in Zelle's car and were probably going to the accused's quarters. The agent found Zelle's car outside the accused's house, and Zelle was in the accused's apartment.

We are satisfied that, having established the reliability of the informant's report by independent investigation corroborating important particulars of the report, the agent had probable cause for the arrest. United States v Ness, 13 USCMA 18, 32 CMR 18 (1962). Accordingly, we affirm the decision of the board of review.

Judge DARDEN concurs.

Judge FERGUSON concurs in the result.