UNITED STATES

v.

**Ricardo LEYVA, Jr., 316 70 2787, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 77 1160.**

U. S. Navy Court of Military Review.

Sentence Adjudged 7 March 1977.

Decided 6 Dec. 1977.

LT Karl Zobrist, JAGC, USNR, Appellate Defense Counsel.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, Senior Judge, and GLADIS and GRANGER, JJ.

GLADIS, Judge:

Appellant was convicted, contrary to his pleas, by a special court-martial with members, of wrongful sale, transfer, and possession of lysergic acid diethylamide (LSD), on two occasions. On appeal, he contends first, that his conviction is based on the fruits of a search incident to an illegal apprehension and, second, that his conviction is not supported by sufficient evidence. We find that there was probable cause for appellant's apprehension because the information known to the agent who arrested him provided a substantial basis for crediting the report of the informant which led to that apprehension. We find sufficient evidence to sustain the findings of guilty of a charge and specifications based on corroborated accomplice testimony; but, we set aside the findings of an additional charge and specifications based on uncorroborated accomplice testimony.

### Probable Cause

The following facts are relevant to appellant's claim that the search of his person incident to his apprehension was illegal because probable cause for apprehension was lacking. Naval Investigative Service (NIS) agents arranged a controlled purchase of LSD from Petty Officer B through an informer, Seaman Apprentice K. The latter arranged to buy 200 "hits" of LSD from B at the entrance of Pier 2, Naval Air Station, Alameda, California, on 16 December 1976. K advised NIS that B would buy his LSD on board USS MARS. The agents provided K with $300 in marked money and transported him to the arranged meeting place. They observed K and B talking and watched B depart, go aboard MARS and return to K 10 minutes later. The agents saw K and B walk along together and exchange something. K signalled that he had made the purchase and the agents apprehended the two men. B threw away a paper containing 42 "hits" of LSD which the agents recovered. They searched B and

found $200 of the marked money. After returning to their office, they searched K and found 200 "hits of LSD." B was warned of his rights under Article 31, UCMJ, 10 U.S.C. § 831, admitted selling 200 "hits" of LSD to K, and identified the source of the LSD as a Mexican male, about 5 feet 4 inches tall, weighing 120 pounds, from USS MARS' deck division who was named Levy. Agent F contacted the executive officer of USS MARS who said that the only person from MARS' deck division fitting the description given by B was Leyva. F advised B who indicated that he obtained his LSD from Leyva. B signed a written statement. F went aboard MARS and apprehended appellant in the executive officer's stateroom. F frisked appellant, examined his hands under an ultraviolet light and observed trace powder which had been placed on the marked money on his hands. F searched appellant's person and found $100 in marked money.

To support the existence of probable cause, based on information furnished by an informant, the record must show facts known to the arresting officer which establish (1) the reliability of the informant and (2) justification for the arrest of the accused. *United States v. Stackhouse*, 23 U.S.C.M.A. 118, 48 C.M.R. 679 (1974), *citing Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Appellant asserts that the record does not show that his apprehension was based on probable cause since it does not establish the reliability of the informant, B, and that, consequently, the evidence seized in the search incident to apprehension was the inadmissible fruit of an illegal apprehension.

The information known to the arresting officer must show facts, not conclusions, that establish probable cause. However, the information is not intended to establish the existence of guilt either *prima facie* or beyond a reasonable doubt, but only to establish that the probabilities weigh in the Government's favor and thus justify the apprehension. *See United States v. Scarborough*, 23 U.S.C.M.A. 51, 48 C.M.R. 522 (1974). In determining whether probable

cause has been shown, courts must not become hypertechnical. *Id.*, citing *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). In dealing with probable cause, we deal with probabilities. These are not technical; they are factual and practical considerations on which reasonable and prudent men, not legal technicians, act. *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

The reliability of an informant may be determined in one of two ways; is the informant credible or is his information reliable. *United States v. Buchanan*, 49 C.M.R. 620 (A.C.M.R.1974), *pet. denied*, 50 C.M.R. 903 (1975). The reliability of an informant's report may be established by independent investigation or corroborated by other facts. *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *United States v. Bunch*, 19 U.S.C.M.A. 309, 41 C.M.R. 309 (1970). *See Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) and *United States v. McFarland*, 19 U.S.C.M.A. 356, 41 C.M.R. 356 (1970).

The question is not whether a better showing of probable cause could have been made, but whether one in fact was made. *United States v. Scarborough, supra.* In this case, the information known to the arresting officer was sufficient to apprise him of the underlying circumstances on which the informant based his information and of the reliability of the information provided by him, thus furnishing a substantial basis for crediting his report. B's report was corroborated in important particulars by the observations of the arresting officer when he witnessed the events leading up to the sale of LSD and his subsequent investigation during which he verified that a person fitting B's description of his source was stationed where B said he would be. Most of the facts known to the investigating officer corroborated the information provided by B. Although there was a discrepancy between one detail of B's report and the information known by the officer, this discrepancy was not of such

magnitude to discredit B's identification of the source of the LSD which he sold. Again, the information which is sufficient to establish probable cause need not establish the existence of guilt, either *prima facie* or beyond a reasonable doubt. We are dealing with probabilities justifying action by reasonable and prudent men. The information known to the arresting officer was sufficient to establish probable cause for appellant's apprehension. The apprehension and the incident search of appellant's person were lawful.

### Sufficiency of Evidence

 Recognizing that the triers of fact saw and heard the witnesses and resolved the issue of credibility against appellant, we find that the evidence is sufficient to establish beyond a reasonable doubt his guilt of the charge and specifications thereunder, which allege wrongful sale, transfer, and possession of LSD on 16 December 1976. The testimony of B, the key prosecution witness, is corroborated by evidence of appellant's possession of marked money. We do not find appellant's explanation of this possession to be credible. But we are not convinced beyond a reasonable doubt of appellant's guilt of the additional charge and its specifications which allege sale, transfer and possession of LSD on 15 December 1976. We do not find the testimony of B as to the offense of 15 December to be corroborated. *See United States v. Allums*, 5 U.S.C.M.A. 435, 18 C.M.R. 59 (1955), which holds that a purchaser of marijuana is an accomplice in its sale for the purpose of determining whether the defense is entitled to an instruction concerning the special need for close scrutiny of accomplice testimony.[1]

Assuming, without deciding, that the decision in *United States v. Booker*, 3 M.J. 443 (C.M.A.1977) is retroactive and evidence of prior nonjudicial punishments introduced in aggravation after findings was inadmissible, appellant has not been prejudiced. There is no fair risk that the members were influenced by this evidence to impose a punishment more severe than the sentence approved below.

Accordingly, the findings of guilty of the Additional Charge and its specifications are set aside and dismissed. The remaining findings of guilty and, upon reassessment, the sentence are affirmed.

Senior Judge NEWTON and Judge GRANGER concur.

---

1. In the case at bar, appellant has not been prejudiced by the refusal of the judge to instruct the members that if they believed B's testimony, he was an accomplice, because the judge instructed that B's testimony should be scrutinized with caution. The purpose of the rule requiring a special instruction on accomplice testimony is to call the members' attention to a matter specifically affecting the credibility of the witness, *i. e.*, his motive to falsify his testimony in whole or in part. *United States v. Lell*, 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966). The instructions were adequate to achieve this purpose.