UNITED STATES, Appellee,

v.

James E. LEE, Specialist Five, United States Army, Appellant.

No. 35,635.
CM 436042.

U. S. Court of Military Appeals.

Dec. 11, 1978.

For Appellant—*Captain Larry C. Schafer* (argued); *Major Benjamin A. Sims* (on brief); *Captain Willard E. Nyman III* (on brief); *Captain Buren R. Shields III.*

For Appellee—*Captain Glen D. Lause* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller; Major Michael B. Kennett* (on brief); *Captain Douglas P. Franklin* (on brief).

Opinion of the Court

COOK, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial of five specifications alleging the transfer, sale, and possession of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] He was sentenced to confinement at hard labor for 2 years and a

1. As a result of various rulings by the military judge on the question of multiplicity, he instructed the court members that only two separate offenses were involved for sentencing purposes. Additionally, he concluded that the maximum imposable confinement was that prescribed for a violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. *See United States v. Courtney,* 1 M.J. 438 (C.M.A. 1976).

dishonorable discharge. The findings and sentence were approved by the convening authority and his action was affirmed by the United States Army Court of Military Review. We granted review to determine if the military judge was required, *sua sponte*, to instruct the members on accomplice testimony.

The alleged deficiency is relevant only to specifications 1 and 2 of the Charge, which alleged the appellant transferred marijuana on September 29, 1976, and sold marijuana on September 30.[2] The Government presented a witness who testified that he contacted the appellant on September 29 and requested the appellant to bring a quantity of marijuana on post. He stated that appellant complied with his request, and both he and the appellant understood that the witness would sell the marijuana and the proceeds would be given to appellant. He subsequently sold the marijuana and delivered a portion of the proceeds to appellant on September 30. Appellant was later interviewed by a special agent of the U.S. Army Criminal Investigation Command, who testified that appellant admitted that he was criminally involved in the venture. However, appellant testified in his own defense and denied his involvement.

█ On appeal, the appellant submits that the government witness was his accomplice in a scheme to sell marijuana. We agree with this defense contention. *See United States v. Allums,* 5 U.S.C.M.A. 435, 438, 18 C.M.R. 59, 62 (1955). However, the defense did not request an instruction on accomplice testimony, nor was one given. The appellant concedes that normally such an instruction must be requested at trial. *United States v. Diaz,* 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972); *United States v. Schreiber,* 5 U.S.C.M.A. 602, 18 C.M.R. 226 (1955); paragraph 153a, Manual for Courts-Martial, United States, 1969 (Revised edition). Nevertheless, he maintains that the absence of instruction on the matter constitutes "plain error," which requires reversal. We

disagree as to this aspect of the defense contention.

In *United States v. Stephen,* 15 U.S.C. M.A. 314, 316, 35 C.M.R. 286, 288 (1965), the Court set aside a conviction because the law officer (now military judge) failed to give an instruction on accomplice testimony, where "virtually the entire case for the prosecution" depended upon an accomplice who was an admitted thief. While considering the judge's omission to be "plain error," the Court cautioned as follows:

> Lest it be thought that we are herein promulgating a new rule requiring *sua sponte* instructions on accomplice testimony, in *all* cases where such a witness testifies, we reiterate our holding in *United States v. Schreiber,* 5 U.S.C.M.A. 602, 18 C.M.R. 226, at page 609, that in general "the absence of a request for special instructions precludes consideration upon appeal. *Caminetti v. United States,* 242 U.S. 470, 61 L.Ed. 442, 37 S.Ct. 192." Defense counsel would be well advised to heed closely this admonition. [*Id.* at 318, 35 C.M.R. at 290.]

We likewise applied the "plain error" exception in *United States v. Lell,* 16 U.S.C. M.A. 161, 36 C.M.R. 317 (1966), where the accomplice's testimony constituted the only evidence as to some of the elements of proof and the accomplice was considerably impeached. However, the facts of the present case do not warrant the application of the "plain error" exception.

█ Paragraph 153a, Manual, *supra,* contains two limitations upon accomplice testimony. The first precludes conviction upon such testimony if it is uncorroborated and is "self-contradictory, uncertain, or improbable." The second notes that "[e]ven if apparently corroborated and apparently credible, testimony of an accomplice which is adverse to the accused is of questionable integrity and is to be considered with great caution." Initially, we observe that our examination of the record fails to convince

---

2. Specifications 1 and 2 were treated as multiplicious for sentencing purposes. *See* note 1, *supra.*

us that the testimony is self-contradictory, uncertain, or improbable. Indeed, the testimony unequivocally established the appellant's participation in the criminal venture. In any event, the appellant's own pretrial confession corroborates the testimony of the accomplice. Although the issue of the voluntariness of the confession was submitted to the court members, we cannot accept the appellant's argument that this evidence must be ignored in assessing the effect of the failure to give the instruction in question because the record contains no explicit finding by the court members that the confession was voluntary. While one may argue whether the confession corroborates the accomplice's testimony or the accomplice's testimony establishes the prerequisite for the admission of the confession, such circuity does not preclude the admission into evidence of each. *See United States v. Winborn,* 14 U.S.C.M.A. 277, 280, 34 C.M.R. 57, 60 (1963). The confession having been properly admitted into evidence, the potential prejudice of the instructional omission must be judged as a matter of law.[3] Under this standard, we conclude the confession is a proper factor in evaluating whether the "plain error" exception should be applied.

Additionally, we note that while the military judge did not instruct the court members to view the accomplice's testimony with caution, he did call attention to several other impeaching factors relating to the accomplice, as follows:

I should point out to the court also with respect to the witness Smith, that you consider evidence of his bad character.

. . . Obviously a marijuana user and smoker, seller. That's obvious from his own sworn testimony here, where he pointed a finger at the accused. And . . . that while he was down here with this trial he was selling joints around the hospital . . . . You can consider that . . . [as] evidence of bad character on his part. . . . .

Under these circumstances, we conclude the military judge's failure, *sua sponte*, to instruct the members on accomplice testimony was not "plain error."

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring in the result):

I concur with the majority that the present state of the law is that it is not necessary to instruct as to an accomplice's testimony where the same has been corroborated. I would further agree with the statement by the majority that an instruction in this area should not be given unless requested.

However, I am convinced that an instruction on the testimony of an accomplice should not be given, requested or not. I believe it is improper to call attention to the testimony of any witness. A general instruction is mandated as to the test of the credibility of all witnesses. Since an instruction of the latter nature was given in the present case, nothing more was required.

---

3. The Court denied an issue which questioned the voluntariness of the confession.