**74**

UNITED STATES, Appellee,

v.

Ricardo LEYVA, Jr., Seaman Apprentice, U. S. Navy, Appellant.

No. 35,369.

NCM 77-1160.

U. S. Court of Military Appeals.

Nov. 19, 1979.

For Appellant: *Lieutenant Christopher C. Henderson,* JAGC, USNR (on brief).

1. The United States Navy Court of Military Review reversed appellant's conviction as to other offenses which were not corroborated. 4 M.J. 690 (N.C.M.R.1977).

For Appellee: *Lieutenant Commander N. P. DeCarlo,* JAGC, USN, *Lieutenant Sander Mednick,* JAGC, USNR (on brief).

Opinion by the Court

COOK, Judge:

Appellant submits that the military judge committed prejudicial error by refusing to grant his request to instruct the members on accomplice testimony. An examination of the record reflects that the testimony of the witness was not self-contradictory, uncertain or improbable. Furthermore, the testimony was corroborated by other evidence as to the offenses involved.[1] Although the military judge did not instruct the members that the "testimony of an accomplice which is adverse to the accused is of questionable integrity,"[2] he did instruct them as follows:

> You are further advised, concerning the credibility of witnesses, that in determining the credibility of the witness, Petty Officer Boyd, the court should specifically consider the following three factors, as well as the other matters upon which I have previously instructed regarding weighing the credibility of witnesses in this case. These factors are that Petty Officer Boyd was testifying under a testimonial grant of immunity, that he was testifying, admittedly, in accordance with a prior statement made by him in order to avoid the possibility of being prosecuted for perjury, and that he has admitted his own involvement in a culpable or unlawful transaction or transactions.

The judge related the enumerated factors to the possibility that they might motivate Boyd to testify falsely. Under the circumstances, the appellant was not prejudiced by the omission of the instruction that spoke to the matter of credibility in terms of accom-

2. Paragraph 153a, Manual for Courts-Martial, United States, 1969 (Revised edition).

plice testimony. *See United States v. Lee*, 6 M.J. 96 (C.M.A.1978).

The decision of the United States Navy Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

I reaffirm my statement made in *United States v. Lee*, 6 M.J. 96 (C.M.A.1978).