UNITED STATES, Appellee,

v.

Span ALLISON, Jr., Airman First Class,
U.S. Air Force, Appellant.

No. 37,197.
ACM S–24649.

U. S. Court of Military Appeals.

Dec. 26, 1979.

For Appellant: *Captain Wade B. Morrison* (argued); *Colonel B. Ellis Phillips* (on brief).

For Appellee: *Captain Robert T. Mounts* (argued); *Colonel Julius C. Ullerich, Jr.* (on brief).

*Opinion of the Court*

COOK, Judge:

Contrary to his pleas, appellant was convicted, by a special court-martial consisting of members, of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. We granted review to determine whether the military judge erred to the prejudice of the appellant by giving an instruction on the credibility of a defense witness.

Michel Mueller, a German national employed at Spangdahlem Air Base, Germany, testified that two men assaulted him and forcefully took his wallet during the early morning of February 25, 1978. He was unable to specifically identify his assailants, but he did note both were black and one wore a washed-out blue jean jacket. As a result of the incident, Sergeant Moore was apprehended and Mueller identified a jacket recovered from Moore as the jacket worn by one of the assailants. He based his identification on the general appearance of the jacket and its unusual buttons. Additionally, he identified as his a wallet that had been recovered from a trash bag located in the laundry room of Barracks 131. The bag also contained a letter addressed to Sergeant Moore.

Sergeant Villalta, a military policeman, testified that he knew the appellant. He saw him on two occasions during the early morning of February 25. He observed appellant before the incident; he was then with a black male who was wearing a blue jacket. A few minutes after he had received a report of an assault, he saw appellant and the same companion running near the recreation center. He followed them and noted that they ran into Barracks 126 from a side entrance and exited it from the front about two minutes later; then they ran into Barracks 131. Later, the person with the appellant was identified as Sergeant Moore. Moore occupied room 101 in Barracks 131. An examination of the latrine in Barracks 126 led to discovery of Mueller's identification card.

Sergeant Moore was called as a defense witness. He testified he was not in the company of the appellant on the morning in question; he did not enter Barracks 126; and he did not see the appellant until he returned to his barracks and noticed him in the hallway. He expressly denied participation in the robbery of Mueller. Two other witnesses testified that they left the NCO Club with Sergeant Moore.

During an out-of-court hearing to consider instructions to the court members, the military judge indicated he proposed to instruct on the special nature of the testimony of an accomplice. See para. 153a, Manual for Courts-Martial, United States, 1969 (Revised edition). Defense counsel agreed that such instruction was appropriate. In due course, the following instruction was given the court members:

Evidence has been received tending to indicate that Sergeant Moore, who testified as a witness in this case, was an accomplice in the commission of the offense of robbery. The court is advised that a witness is an accomplice if he was culpably involved in the crime. In determining the weight which you will give the testimony of Sergeant Moore, you must decide whether he was, in fact, an accomplice. The testimony of an accomplice, even though apparently credible, is of doubtful integrity and is to be considered with great caution. A witness' testimony need not be rejected, however, simply because he is an accomplice and the weight to be given such testimony is a matter for your determination.

Appellant now submits that the cautionary instruction was inappropriate because

Sergeant Moore was a defense witness. He contends his position is supported by state authorities and the literal language of para. 153a, Manual, supra, which, in pertinent part, reads as follows:

[T]here are cases in which the court would not be warranted in accepting certain testimony as being sufficient to constitute a basis for a determination of guilt. . . . Even if apparently corroborated and apparently credible, testimony of an accomplice which is adverse to the accused is of questionable integrity and is to be considered with great caution. (Emphasis supplied by defense counsel.)

See 75 Am.Jur.2d, Trial § 690; 23A C.J.S. Criminal Law § 1227. Contrarily, government counsel cite other authorities to support their contention that the instruction is appropriate for a defense as well as a government witness. United States v. Urdiales, 523 F.2d 1245 (5th Cir. 1975), cert. denied, 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976); United States v. Nolte, 440 F.2d 1124 (5th Cir. 1971), cert. denied, 404 U.S. 862, 92 S.Ct. 49, 30 L.Ed.2d 106 (1971).

We need not now resolve the conflict; nor need we determine the effect of defense counsel's agreement with the challenged instruction. We are convinced that even if the instruction was erroneous, the appellant was not prejudiced. Initially, we note the instruction did not shift the burden of proof to the appellant, which was the defect in the accomplice instruction condemned by the United States Supreme Court in Cool v. United States, 409 U.S. 100, 103, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972).[1]

---

1. In pertinent part, the United States Supreme Court said in Cool v. United States, 409 U.S. 100, 103, 93 S.Ct. 354, 357, 34 L.Ed.2d 335 (1972):

Accomplice instructions have long been in use and have been repeatedly approved. See, e. g., Holmgren v. United States, 217 U.S. 509, 523–524, 30 S.Ct. 588, 591–592, 54 L.Ed. 861 (1910). In most instances, they represent no more than a commonsense recognition that an accomplice may have a special interest in testifying, thus casting doubt upon his veracity. See, e. g., Crawford v.

United States, 212 U.S. 183, 204, 29 S.Ct. 260, 268, 53 L.Ed. 465 (1909). But in most of the recorded cases, the instruction has been used when the accomplice turned State's evidence and testified against the defendant. See generally McMillen v. United States, 386 F.2d 29 (CA1 1967), and cases cited therein. No constitutional problem is posed when the judge instructs a jury to receive the prosecution's accomplice testimony "with care and caution." See, e. g., United States v. George, 319 F.2d 77, 80 (CA6 1963). Cf. United States v. Nolte, 440 F.2d 1124 (CA5 1971).

*See also United States v. Stulga,* 531 F.2d 1377 (6th Cir. 1976). The trial judge simply gave the usual cautionary instruction as to the credibility of an accomplice. Furthermore, even if it had been accepted by the court members, the testimony of Sergeant Moore, the alleged accomplice, did not completely exonerate the appellant. Under the circumstances, we conclude the appellant has not been prejudiced. *See generally United States v. Leyva,* 8 M.J. 74 (C.M.A. 1979); *United States v. Lee,* 6 M.J. 96 (C.M.A.1978).

The decision of the United States Air Force Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring):

I write only to restate my position found in *United States v. Lee,* 6 M.J. 96 (C.M.A. 1978) (Fletcher, C. J., concurring in the result).

That part of the particular instruction disapproved by the Court advised the jury that "'testimony of an accomplice may alone and uncorroborated support your verdict of guilty of the charges in the Indictment if believed by you to prove beyond a reasonable doubt the essential elements of the charges in the Indictment against the defendants.'" *Cool v. United States, supra,* n. 4.