UNITED STATES

v.

**Gary C. OXFORD, 519 66 0203, Mess Management Specialist Second Class (E–5), U.S. Navy.**

**NMCM 85 1989.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Nov. 1984.

Decided 28 Feb. 1986.

---

LCDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LT SUSAN R. CORNELL, JAGC, USNR, Appellate Defense Counsel.

LCDR DAVID A. SABOT, JAGC, USN, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, JJ.

DECARLO, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial with members of wrongful use and distribution of cocaine in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to confinement for three months, forfeiture of $300.00 pay per month for three months, and a bad conduct discharge. The convening authority approved the findings and sentence.

The appellant contends that the military judge's instructions were deficient. We agree and set aside the findings and sentence.

To adequately set out the context of the military judge's instructions, a brief summary of the facts is necessary. Appellant's conviction was based almost entirely on the testimony of Petty Officer Schmidt. Schmidt testified at trial that he and appellant shared cocaine together on approximately ten to twenty occasions between October 1982 and May 1984 and that appellant had distributed cocaine to him at least four times during the same period. The Government produced no other direct evidence supporting these incidents. Defense counsel did not request nor did the military judge give an instruction concerning accomplice testimony.

The issue raised on appeal is whether, under the circumstances, the military judge's failure to give an instruction *sua sponte* regarding accomplice testimony constituted plain error within the meaning of Rule for Courts-Martial (R.C.M.), 920(f). Resolution of this issue necessarily depends on whether Petty Officer Schmidt was in fact an accomplice of the appellant and, if so, whether trial defense counsel waived the instruction by failing to request that it be given.

■ When used to determine the need for appropriate instructions, an accomplice is defined as one who is culpably involved with the accused in the commission of the crime charged. *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226, 231 (1963). In the case *sub judice*, Petty Officer Schmidt testified that he and appellant were close friends who frequently shared drugs together. According to Petty Officer Schmidt, he, and not the appellant, was the main supplier of cocaine. Nevertheless, the two apparently followed an unwritten agreement to share cocaine whenever either one was able to procure it. He testified that purchases were normally made on or about military paydays and actual usage very often took place in the commissary where they both worked. This cooperative buying arrangement, according to Schmidt, spanned a one and one-half year period from October 1982 through the early spring of 1984 and resulted in approximately ten or twenty instances in which cocaine was actually shared. Appellant's testimony amounted to a complete denial of Schmidt's accusations and confirmed only that the two were friends.

■ We find that Schmidt's testimony concerning his relationship with the appellant describes what was in fact an informal criminal conspiracy to share drugs. For all practical purposes, according to Schmidt, he and the appellant were both distributors and users of the cocaine on each particular occasion. Both were culpably involved in, and essential to, the commission of the crimes charged against the appellant. As such, Petty Officer Schmidt should have been considered an accomplice as a matter of law for instructional purposes.

We next turn to whether the military judge erred by not giving an instruction on accomplice testimony. The Government argues first that under R.C.M. 920(f), defense counsel's failure to request special instructions at trial precludes consideration of the issue by this Court, and second, that such instructions were not warranted in any event because the testimony of Petty Officer Schmidt was not self-contradictory, improbable, or uncertain. We disagree with both arguments.

■ We begin by noting that there is no *sua sponte* duty placed on the military judge to give accomplice testimony instructions in all cases where such a witness testifies. *United States v. Stephen*, 15 U.S.C.M.A. 314, 36 C.M.R. 286, 290 (1965). Generally, the absence of a request for special instructions precludes consideration of the issue upon appeal. *United States v. Schreiber*, 5 U.S.C.M.A. 602, 609, 18 C.M.R. 226, 233 (1955); *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1916). There is, however, a duty to instruct on such testimony in situations where not to do so would constitute plain error. R.C.M. 920(f). Whether the failure to instruct constitutes plain error is a function of corroboration; more specifically, the determination hinges upon whether there is sufficient corroborating evidence supporting an accomplice's testimony which would dispel the inherent skepticism with which accomplice testimony is viewed. *See United States v. Scoles, supra; United States v. Lell*, 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966); *United States v. Stephen, supra; United States v. Winborn*, 14 U.S.C.M.A. 277, 34 C.M.R. 57 (1964); *United States v. Lee*, 6 M.J. 96 (C.M.A.1978); *United States v. Young*, 11 M.J. 634 (A.F.C.M.R.1981). Where the accomplice's testimony is sufficiently corroborated, there is no duty to instruct. Where, however, an accomplice's testimony constitutes the only evidence as to some or all of the elements of proof and the accomplice is impeached, there does

arise a *sua sponte* duty to instruct. *United States v. Lee*, 6 M.J. 96, 97 (C.M.A.1978).[1]

Two cases are especially applicable to the situation before us. In *United States v. Stephen, supra*, the appellant was convicted of stealing five cylinder heads from Government warehouses. Virtually the entire prosecution case was dependent upon the testimony of an accomplice who was an admitted thief. There was no request made for an instruction on accomplice testimony. The court, in finding plain error in the military judge's failure to instruct, stressed that an accomplice has "a built-in untrustworthiness" which, in the proper case, must be brought to the attention of the members. The fact that the accomplice was the only one who testified that Stephen was involved in the crimes alleged made it a matter of vital importance to the accused to have the benefit of the instruction. *Stephen*, 35 C.M.R. at 290.

In *United States v. Lell, supra*, the appellant was convicted of receiving stolen property which he knew to be stolen. An accomplice testified that he had stolen the property and had informed Lell that the items were purloined. The accomplice also testified that Lell had suggested the robbery as a means of settling a debt then existing between the two. The appellant denied having any knowledge that the items were stolen and the accomplice witness was thoroughly impeached on cross-examination. Defense counsel did not request an instruction on accomplice testimony. The court relying on *Stephen, supra*, held that the failure to instruct constituted plain error.

■ In both cases, the court found a duty to instruct on accomplice testimony where the government case relies on the credibility of an accomplice without any corroborating testimony. In that situation, the member's attention must necessarily be called to matters specifically affecting the accomplice's credibility, that is, the motive to falsify his testimony in whole or in part. *See Lell*, 36 C.M.R. at 321. We find the situation herein sufficiently similar to that which pertained in *Stephen* and *Lell* to dictate the same result. The reasoning therein as to plain error is equally relevant here.

In this case, the entire government case centered on the testimony of Petty Officer Schmidt upon whose credibility rested the ultimate issue of appellant's guilt or innocence. He was the only witness who provided evidence of appellant's use and possession of cocaine on the forty instances of which appellant was convicted.[2] His testimony was largely uncorroborated except for the testimony of Petty Officer Woolford, who testified that he heard Schmidt, on one occasion, tell appellant that he (Schmidt) had left some cocaine for the appellant in the commissary warehouse. While this testimony corroborated a small part of Schmidt's testimony, it concerned only one of forty alleged instances of use and did not corroborate any evidence that appellant actually possessed, used or distributed cocaine. Clearly, appellant could not have been convicted if the court members did not believe Petty Officer Schmidt. Furthermore, the members were aware that in an earlier trial by general court-martial, Schmidt was convicted of distributing, using, and possessing cocaine, use of marijuana, and violation of a general order. He received a bad-conduct discharge and two years confinement. At the time of appellant's trial, some three months later, the convening authority had not yet acted upon his sentence. Schmidt had an interest in gaining some relief in the form of clemency by testifying against the appellant and the members should have been specifically instructed on that interest.

It cannot be denied that an instruction on accomplice testimony was not only relevant on the facts presented in this case, but

---

1. The duty to actually instruct in this situation is not absolute and can be affirmatively waived by the accused as a tactical decision concerning his defense. *See Starks v. United States*, 316 F.2d 45 (9th Cir.1963).

2. Petty Officer Schmidt actually testified to appellant's use and possession of cocaine on at most only twenty occasions.

all-important to appellant's defense. *See United States v. Fisher*, 21 M.J. 327 (C.M. A.1986). In addition, the military judge's instructions on the credibility of witnesses did not call the members' attention to the specific self-interest affecting Petty Officer Schmidt's testimony and did not advise them to view his testimony with great caution. The credibility instruction was clearly not sufficient given the critical nature of Schmidt's testimony. We therefore find that the omission of an instruction on accomplice testimony in this case was prejudicial to appellant and deprived him of the right to have the court members consider the pivotal testimony of Petty Officer Schmidt in its proper light. The omission constituted plain error within the meaning of R.C.M. 920(f) and was not waived by trial defense counsel's failure to request that the instruction be given.

Accordingly, the findings and sentence are set aside. A rehearing is authorized.

Senior Judge COUGHLIN and Judge MIELCZARSKI concur.