UNITED STATES

v.

**Clarence E. JORDAN, 415–84–2873, Lieutenant Commander (0–4), U.S. Naval Reserve.**

**NMCM 86 2581.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 1 April 1986.

Decided 23 March 1987.

LCDR Alvin L. McDonald, JAGC, USN, Appellate Defense Counsel.

LT Susan R. Cornell, JAGC, USNR, Appellate Defense Counsel.

LT Larry D'Orazio, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and GLADIS and CASSEL, JJ.

GLADIS, Judge:

Charged with two specifications of wrongful use of marijuana and one specification each of wrongful possession of marijuana and wrongful possession, distribution, and use of cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, the accused was acquitted of one specification of use of marijuana and possession of marijuana, but was convicted contrary to his pleas of one specification of wrongful use of marijuana and wrongful possession, distribution, and use of cocaine. He was sentenced to a dismissal, confinement at hard labor for 15 months, and forfeiture of $2000.00 per month for 15 months. The convening authority approved the sentence.

Among other things, the accused contends that the failure of the judge to give an accomplice instruction *sua sponte* was plain error, that the cocaine possession offense was multiplicious for findings purposes with the distribution and use offenses, and that the three cocaine offenses were multiplicious for sentencing purposes. Concluding that omission of an accomplice instruction was neither plain error nor prejudicial, that the cocaine possession offense was multiplicious for sentencing, but not for findings, and that cocaine possession and use offenses were not multiplicious for sentencing, we affirm the findings and reassess the sentence.[1]

*Omission of Accomplice Instruction*

The accused contends that failure of the military judge to give an accomplice instruction *sua sponte* on the testimony of R was plain error and requires reversal of the cocaine offenses. There was no objection at trial to the omission.

To prove the cocaine offenses, the Government offered the testimony of R in its case in chief and the testimony of A in its case in rebuttal. To prove the marijuana possession offense and the marijuana use offense of which the accused was acquitted, the Government relied solely on the testimony of R. She testified that the accused moved into her house during the fall of 1984 and they became lovers. They frequently used cocaine, which he initially provided, together. Both provided money for the cocaine. Later they obtained the cocaine together or she obtained it alone. He also brought marijuana, which she used, to the house. A testified the accused moved into R's house during the fall of 1984. She did not see any marijuana there, but did see the accused and R use cocaine

---

1. The remaining assignments of error lack merit.

there. She saw the accused use cocaine about five times.

R had a serious drug problem. She was impeached by evidence of prior inconsistent statements, and the testimony of a clinical psychologist that she had a severe borderline personality disorder and routinely distorted reality. If confronted with a traumatic event she was likely to project blame on someone else.[2] Revenge, such as making a false accusation against a former intimate partner, was consistent with her personality. Appellate defense counsel maintains that her motive for blaming the accused was her perception that he had rejected her romantically.

The Government concedes that R was an accomplice because the relationship with the accused, to which she testified, was an informal conspiracy to share drugs. *United States v. Oxford*, 21 M.J. 983, 985 (NMCMR 1986). *Also see United States v. Allums*, 5 U.S.C.M.A. 435, 438, 18 C.M.R. 59, 62 (1955).

Rule for Courts-Martial 920(f) provides that failure to object to omission of an instruction constitutes waiver of the objection in the absence of plain error.

In *United States v. Lee*, 6 M.J. 96 (C.M. A.1978), the Court of Military Appeals reviewed the law applicable to instruction on accomplice testimony.[3] It noted that in *United States v. Stephen*, 15 U.S.C.M.A.

314, 316, 35 C.M.R. 286, 288 (1965), it had set aside a conviction because the law officer (now military judge) failed to give an instruction on accomplice testimony where virtually the entire case for the prosecution depended upon an accomplice who was an admitted thief. While considering the judge's omission to be plain error, the Court had cautioned:

> Lest it be thought that we are herein promulgating a new rule requiring *sua sponte* instructions on accomplice testimony, in *all* cases where such a witness testifies, we reiterate our holding in *United States v. Schreiber*, 5 U.S.C.M.A. 602, 18 C.M.R. 226, at page 609, that in general 'the absence of a request for special instructions precludes consideration upon appeal....' Defense counsel would be well advised to heed closely this admonition....

*Lee*, 6 M.J. 96 at 97. The Court also noted in *Lee* that it had applied the plain error exception in *United States v. Lell*, 16 U.S. C.M.A. 161, 36 C.M.R. 317 (1966), where the accomplice's testimony constituted the only evidence as to some of the elements of proof and the accomplice was considerably impeached. Finally, the Court found in *Lee* that the judge's failure to instruct the members *sua sponte* on accomplice testimony was not plain error where the accomplice testimony was corroborated by the

---

2. There was evidence that R was confronted with such events.

3. Manual for Courts-Martial, United States, (MCM), 1951, paragraph 153a, provided that a conviction cannot be based upon the uncorroborated testimony of a purported accomplice if such testimony is self-contradictory, uncertain, or improbable and that the uncorroborated testimony of an accomplice, even though apparently credible, is of doubtful integrity and is to be considered with great caution. MCM, 1969 (Rev.), paragraph 153a, contained that first rule, but modified the second to read that "Even if apparently corroborated and apparently credible, testimony of an accomplice which is adverse to the accused is of questionable integrity and is to be considered with great caution". MCM, 1969 (Rev.), paragraph 153a, also provided that, when appropriate, these rules should, upon request by the defense, be included in the instructions of the military judge. This provi-

sion was added because "Only in exceptional cases will failure to give unrequested instructions of this kind result in the reversal of a conviction. *United States v. Stephen*, 15 U.S.C. M.A. 314, 35 C.M.R. 286 (1965); *United States v. Crooks*, 12 U.S.C.M.A. 677, 31 C.M.R. 263 (1962)." *Analysis of Contents MCM, 1969 (Rev.), DA Pamphlet No. 27–2* (1970), p. 27–43. MCM, 1984 does not contain these rules on accomplice testimony. Federal courts have held that the uncorroborated testimony of an accomplice is sufficient to sustain a conviction if it is not incredible or unsubstantial on its face. *See, e.g., United States Legendre*, 657 F.2d 238, 243 (8th Cir.1981), *cert. denied*, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981); *United States v. Escalante*, 637 F.2d 1197, 1200 (9th Cir.1980), *cert. denied*, 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980); *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir.1976). For the testimony to be incredible it must be unbelievable on its face. *Id.*

accused's confession and the judge called attention to several impeaching factors relating to the accomplice.

In *United States v. Oxford,* 21 M.J. 983 at 985–986, citing *Lee* and holding that only where an accomplice's testimony constitutes the only evidence as to some or all of the elements of proof does the military judge have a *sua sponte* duty to instruct on accomplice testimony, this Court found failure to give such an instruction to be plain error.

In *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986), the Court of Military Appeals reexamined the doctrine of plain error, stating that a *per se* approach to plain error review is flawed. In order to constitute such error, the error must not only be both obvious and substantial, it must have had an unfair prejudicial impact on the deliberations of the members. The doctrine is invoked to rectify those errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings. As a consequence, it is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result. *Id.* at 328–329. The Court found that failure to give an instruction—the omission of which it had held on numerous occasions to be plain error in all cases—was not plain error under the plain error analysis set forth. Nevertheless, the Court reversed because there may have been reliance on its past rulings treating that instructional error as reversible error *per se,* which resulted in a failure to make timely objection at the trial level.

■ The lesson of *Fisher* is that error which has been treated in the past as plain error justifying reversal in spite of lack of timely objection will no longer be treated as such, unless the plain error analysis set forth in that case is satisfied. Therefore, counsel would be well advised to make timely objection at trial in all cases.[4] In light of *Fisher,* we doubt that failure to give a *sua sponte* instruction on accomplice testimony where the testimony is uncorroborated and the accomplice impeached would be plain error today. Such an omission does not rise to the level of plain error as defined in *Fisher.* In view of the warning in *Stephen,* 15 U.S.C.M.A. at 318, 35 C.M.R. at 290, reiterated in *Lee,* 6 M.J. at 97, failure to make a timely objection cannot be justified.

■ But we do not base our decision on this ground because we find that the testimony of R was sufficiently corroborated by the testimony of A so as to obviate the need for a *sua sponte* instruction on accomplice testimony. Even if an instruction were required, its omission would not be prejudicial error under the circumstances of this case. It is obvious that the members considered R's testimony with great caution. Rejecting her testimony that the accused brought marijuana to her house, they acquitted him of the marijuana possession offense to which that testimony was pertinent. Therefore, we conclude that the military judge's failure to instruct *sua sponte,* on accomplice testimony, was neither plain error nor prejudicial.

### *Multiplicity*

The accused contends first, that the military judge should have dismissed the cocaine possession offense because it was multiplicious for findings purposes with the cocaine distribution and use offenses and, second, that he should have instructed the members that the cocaine distribution and use offenses were multiplicious for sentencing purposes.

Specifications 1, 2, and 3 of the Additional Charge allege respectively that the accused wrongfully possessed, distributed, and used cocaine at "Rockledge, or Cocoa Beach, Florida, on or about between November 1984 and April 1985 [sic]".

■ The possession offense was not multiplicious for findings purposes with the distribution and use offenses, although the

---

4. If they do not, the astute trial judge may avoid appellate litigation by ascertaining their desires concerning specific instructions.

three offenses were contemporaneous. *See United States v. Smith*, 14 M.J. 430 (C.M.A.1983) (drug possession offenses that were contemporaneous with sale and use offenses were not dismissed as multiplicious for findings purposes, although the possession offenses were treated as multiplicious for sentencing purposes). The accused's reliance on *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984), and *United States v. Bullington*, 18 M.J. 164 (C.M.A. 1984), to support his contention is misplaced. In *Zubko*, the Court held that possession of a controlled substance is a lesser-included offense of distribution where the accused distributes the amount he possesses. In *Bullington*, the Court held that possession of a controlled substance is a lesser-included offense of use where the accused uses the amount he possesses, but, citing *Smith, supra*, noted that under *United States v. Baker*, 14 M.J. 361 (C.M.A. 1983), possession is not included within use where the amount used is not the same amount possessed. The possession offense in this case was not included within the distribution offense because the amount possessed was greater than the amount distributed. It was not included within the use offense because the amount possessed was greater than the amount used. Therefore, the possession offense was separate for findings purposes.

■ As noted above, under *Smith*, the possession offense was multiplicious for sentencing purposes. The Government argues that the evidence showed that on several occasions during the period charged the accused possessed cocaine which he used in part and distributed in part. Thus, possession on an earlier occasion was separate from use and distribution on later occasions. The military judge used this rationale when he denied a defense motion to treat the possession offense as multiplicious for sentencing. But the Government did not plead and the members did not find possession, distribution, and use on divers occasions. We cannot say that the members found possession on an earlier occasion and distribution on a later occasion. Therefore, concluding the judge erred in refusing to instruct the members that the possession offense was multiplicious for sentencing purposes, we shall reassess the sentence.

■ *Smith, supra*, is also dispositive of the defense contention that the distribution and use offenses were multiplicious for sentencing purposes. In *Smith*, the Court found that contemporaneous sale and use offenses were separate for punishment purposes, because they involved different social standards and did not stem from a single impulse. The distribution and use offenses here involved different intents and violated different societal norms. Therefore, we conclude that they were separately punishable.

■ Upon reassessment of the sentence in light of the refusal of the military judge to instruct the members that the cocaine possession offense was multiplicious for sentencing purposes, we are satisfied that, absent any error, the sentence adjudged would have been no more lenient. *See* Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a); *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). We find the sentence to be appropriate. *See* Article 66, UCMJ.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge MITCHELL and Judge CASSEL concur.